**BLAW KNOX CONSTRUCTION EQUIPMENT CO., A DIVISION OF WHITE CONSOLIDATED INDUSTRIES, INC., Plaintiff,**

v.

**UNITED STATES, et al., Defendant,**

and

**Fortress Allatt Limited, Intervenor.**

**Court No. 84–6–00846.**

United States Court of Internationa Trade.

Oct. 4, 1984.

Barnes, Richardson & Colburn, Chicago, Ill. (Robert E. Burke, Chicago, Ill., on memoranda and David A. Riggle, Chicago, Ill., on memoranda and at oral argument), for plaintiff.

Richard K. Willard, Acting Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Washington, D.C. (Velta A. Melnbrencis, New York City, on memoranda and Kevin C. Kennedy, on memoranda and at oral argument), for defendant.

Cameron, Hornbostel, Adelman & Butterman, Washington, D.C. (Williams K. Ince, Washington, D.C., on motion), for intervenor.

## MEMORANDUM OPINION AND ORDER

CARMAN, Judge:

This matter is before the Court on plaintiff's motion for a preliminary injunction, defendants' motion for summary judgment, and plaintiff's cross-motion for summary judgment. Intervenor Fortress Allatt Limited, filed memoranda in opposition to plaintiff's motion for a preliminary injunction and in support of defendants' motion for summary judgment.

Plaintiff initiated its motion for a preliminary injunction alleging that the International Trade Administration (ITA) of the Department of Commerce (Commerce) acted unlawfully in unilaterally modifying a Final Notice of Administrative Review concerning the antidumping finding for Replacement Parts for Self-Propelled Bituminous Paving Equipment from Canada. Plaintiff requests relief restraining the defendants from enforcing the alleged unlawful notice and ordering the defendants to enforce the final notice of annual review as published in the Federal Register. Plaintiff has argued it will suffer immediate and irreparable injury through lost sales due to import competition.

Defendants oppose plaintiff's motion for a preliminary injunction arguing plaintiff has not made the requisite showing and defendants have responded with a motion for summary judgment. Plaintiff agrees there are no material facts at issue and has cross-moved for summary judgment. A brief summary of the facts is noted here.

Plaintiff, a United States manufacturer of self-propelled bituminous paving equipment and parts, was the petitioner in the antidumping investigation regarding replacement parts for self-propelled bituminous paving equipment from Canada and participated as an interested party in the administrative review conducted pursuant to Section 751 of the Trade Agreements Act of 1979, 19 U.S.C. § 1675 (1982). The result of this administrative review was that the weighted average dumping margin for Fortress Allatt Limited, a Canadian manufacturer, was determined to be 4.2 percent ad valorem, the notice of which is published at 49 Fed.Reg. 1263 (1984), as amended by 49 Fed.Reg. 2131 (1984).[1] The 4.2 percent rate does not reflect the actual dumping margin found to exist during the review period for the merchandise sold by Fortress Allatt to nonrelated U.S. firms, a margin equal to 0.0 percent ad valorem.

The margin of 4.2 percent was the weighted average of two major components. The first component comprised Fortress Allatt's sales to a related company in

---

1. The weighted average margin was determined pursuant to a policy of the Commerce Department stated in the final results as follows:

*Department's Position:* The Department's practice is to publish one weighted average percent margin for determining estimated antidumping duties cash deposit rates. We see no reason to deviate from that practice here.

the United States, which were exporter's sales price (ESP) transactions and for which a dumping margin of 14.43 percent was found by the ITA to exist. The second component was Fortress Allatt's purchase price transactions which, in contrast to ESP sales, involved sales in the United States to unrelated buyers such as wholesalers or end users of the product. As noted above, a margin of 0.0 percent was established for Fortress Allatt Limited's purchase price sales. The 4.2 percent weighted average margin was the result of the above two components. Plaintiff participated fully in all stages of the administrative review with respect to these results and did not seek judicial review pursuant to 19 U.S.C. § 1516a(a)(2)(A)(i) and 28 U.S.C. § 1581(c).

On March 21, 1984, Fortress Allatt submitted a memorandum to the ITA urging that the single 4.2 percent weighted average margin be broken into two separate margins, one for ESP sales and the other for purchase price transactions. This determination was important to Fortress Allatt Limited because it had closed its ESP operation in the United States and all future exports to the United States would consist of purchase price transactions which were determined to have an antidumping duty margin of 0.0 percent. Absent a separation of the margins by the ITA, the purchase price sales would still be subject to a 4.2 percent duty deposit requirement.

On May 5, 1984, Commerce issued instructions to the United States Customs Service (Customs) to collect antidumping duty deposits on imports of merchandise manufactured by Fortress Allatt Limited at the rate of 14.43 percent on its sales in the United States to any related company and of 0.0 percent on its sales to unrelated purchasers thereby granting Fortress Allatt Limited the relief it requested. Plaintiff, Blaw Knox, filed a summons and complaint in this Court challenging the May 5 directive.

It is argued by defendants in their motion for summary judgment, as well as by the intervenor, that the ITA acted within its statutory authority in issuing the corrected instructions to Customs regarding the cash deposit requirement on the imports in question. Plaintiff argues that the ITA cannot change the final results of a section 751 antidumping review, specifically the estimated duty deposit rate, once it is published.

■ This Court finds the ITA has the authority to issue corrected instructions to Customs regarding the cash deposit requirement on imports. Plaintiff, however, should have been given notice of these corrected instructions and an opportunity to respond.

Plaintiff appears to indicate in its memoranda that the ITA is committed to the language of the notice of the final results published in the *Federal Register* as opposed to the determination itself. On this point the Court cannot agree. Section 751(a)(2), 19 U.S.C. § 1675(a)(2), provides that it is the "determination [that] shall be the basis for ... deposits of estimated duties." *Id.* In the case at hand, there exists within the ITA's determination a basis for establishing the amount of estimated antidumping duty deposits to be collected and this Court cannot find any prohibition against referring back to this determination to make a correction.

Both defendants and intervenor cite *Gilmore Steel Corp. v. United States*, 7 CIT ——, 585 F.Supp. 670 (1984). In *Gilmore*, the Court held that if the ITA has incorrectly initiated an antidumping investigation, it has the authority to reconsider and correct that decision. 7 CIT at ——, 585 F.Supp. at 674. Although not determinative in the case at hand, the Court finds *Gilmore* helpful in its indication that remedial steps by the ITA are not only possible but necessary in certain instances. It is noted, however, that nowhere in *Gilmore* does the Court state that notice of the remedial measures taken is not required.

Finally, plaintiff reflects that "[t]he action of the Commerce Department beyond its legal authority which denied the opportunity to Blaw Knox to participate meaningfully in the cash deposit review is the very core of the controversy." Plaintiff's Memorandum in Response, at 7. With this statement, the Court agrees. Plaintiff has made a variety of arguments with respect to broader matters as well as to jurisdiction. These arguments need not be addressed. The question is should the plaintiff have had notice of the corrections made by the ITA. This Court finds notice should have been forthcoming. As noted by the parties, the Senate Report states: "The Secretary would be required to publish a summary of the results of his review, together with the notice of any duty to be assessed, estimated duty to be deposited, or investigated [sic] to be resumed." S.Rep. No. 249, 96th Cong., 1st Sess. 80, *reprinted in* 1979 U.S.Code Cong. & Ad. News 381, 466. It follows that if the requirement exists to publish a notice of the duty to be deposited, a notice of any change in that duty should also be published.

Although this Court finds that the ITA had the authority to make remedial corrections, it also finds notice to the plaintiff as an interested party should have been made. This case, therefore, shall be remanded to the ITA so that the plaintiff may have its opportunity to respond to the corrections made by the ITA.

█ With respect to plaintiff's motion for a preliminary injunction, this Court cannot find that plaintiff has made the requisite showing necessary to prevail. Plaintiff asserts that absent a preliminary injunction ordering the defendants to enforce the final notice of the review published in the *Federal Register*[2] it will suffer lost sales and thereby be immediately and irreparably harmed.

In order for the plaintiff to prevail on its motion for a preliminary injunction, it must make the requisite showing of the following four elements: (1) that they will be immediately and irreparably injured; (2) that there is a likelihood that they will succeed on the merits; (3) that the public interest would be better served if the relief requested was granted; and, (4) that the balance of hardships on all the parties favors the moving party. *Zenith Radio Corp. v. United States*, 710 F.2d 806, 809 (Fed.Cir.1983).

This Court cannot, based on the assertions made by the plaintiff, find the showing of immediate and irreparable harm required by the preliminary injunction standard. Plaintiff has relied on the affidavit of Thomas Skinner to show lost sales. This statement, however, is not enough. Protection against lost sales is not an avowed purpose of the antidumping statute; the purpose is rather to afford protection from unfairly traded items. Usually, pending a section 751 review covering current entries, the liquidation of entries is suspended. At the end of a section 751 review, actual dumping margins, if any, are determined and utilized in the liquidation of entries. None of the entries made by intervenor will escape assessment of antidumping duties if applicable. Furthermore, as noted by the plaintiff, the core of plaintiff's complaint is that it did not get the opportunity to meaningfully participate in the cash deposit review. Since this Court has determined that a remand is in order, plaintiff is receiving more than its day in court. Not only has the plaintiff had its day before this Court, but will also have a chance to put forth its arguments on remand. Furthermore, the balance of hardships on all parties does not favor the plaintiff but rather the intervenor, Fortress Allatt Limited. Given that Fortress Allatt has represented that it has terminated its ESP sales operations in the United States, it would

---

**2.** The final notice of the review in essence would require Customs to collect estimated antidumping duty deposits on imports of the merchandise involved at a rate of 4.2 percent ad valorem, which represents the weighted average margin previously determined.

appear to be a grave hardship to apply a weighted average dumping margin of 4.2 percent to fairly traded imports at this point.

## CONCLUSION

For the reasons set forth in this opinion, plaintiff's motion for a preliminary injunction must be denied and this case must be remanded to the ITA. On remand, plaintiff shall have an opportunity to respond to the remedial corrections made by the ITA, that is, the separation of the antidumping duty margins.

It is so ordered.